# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1527V
Filed: August 3, 2018
UNPUBLISHED

|  |  |
|---|---|
| ROSALINDA VOHS,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Diana Lynn Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 16, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome (GBS) as a result of receiving an influenza (flu) vaccination on March 10, 2015. Petition at 1. On May 17, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 56).

On July 16, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 60.) Petitioner requests attorneys' fees in the amount of $38,693.30 and attorneys' costs in the amount of $10,260.30. *Id.* at 1-2. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $48,953.60.

On July 26, 2018, respondent filed a response to petitioner's motion. (ECF No. 61). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On July 26, 2018, petitioner filed a reply. (ECF No. 62). Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

Upon review of the records, a number of entries billed by the paralegals are for tasks better characterized as clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.,* No .02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total 2.70 hours[3] was billed by paralegals on administrative tasks including, reviewing, organizing and uploading documents. For these reasons the request for attorney's fees is **reduced in the amount of $318.50**.[4]

The full amount of attorney costs requested, $10,260.30, is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Example of these entries include: January 26, 2016 (0.10 hours) "Receive and review email regarding attorney travel reservations." February 23, 2016 (0.10 hrs) "Review and process attorney travel documentation to file" and December 13, 2016 (0.20 hours) "Process check to Dept. of Financial Services in FL, Capital Process and liberty."  These entries are merely examples and are not exhaustive.

[4] This amount consists of 1.70 hours at $105 per hour, 0.50 hours at $135 per hour and 0.50 hours at $145 per hour.

**Accordingly, the undersigned awards the total of $48,635.10[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Diana Stadelnikas. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.